500 Fifth Avenue, 40th Floor
New York, NY 10110
tel: 212-257-4880
fax: 212-202-6417

www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

January 27, 2016

VIA CM/ECF

The Hon. Richard J. Sullivan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *United States v. Michael Kimelman*, No. 10 Cr. 56 (RJS)

Dear Judge Sullivan:

      I write on behalf of defendant Michael Kimelman, whose § 2255 motion is currently pending before this Court, to bring to the Court's attention the Supreme Court's recent decision in *Montgomery v. Louisiana*, --- S. Ct. ---, 2016 WL 280758 (Jan. 25, 2016) (a copy of which is attached as Exhibit 1).

      The government does not dispute that *Newman* held "'that a substantive federal criminal statute does not reach certain conduct' or otherwise 'decide[d] the meaning of a criminal statute enacted by Congress,'" and is therefore a new substantive rule.  (*See* Kimelman Mem. (Dkt. No. 329) at 12 (quoting *Bousley v. United States*, 523 U.S. 614, 620 (1998))).  Rather, the government argues that Mr. Kimelman procedurally defaulted his *Newman* claim by failing to raise it on direct appeal.  (Govt. Mem. (Dkt. No. 340) at 16-25).

      *Montgomery* is pertinent because it holds that the Constitution *requires* courts to apply new substantive rules retroactively:

> A conviction or sentence imposed in violation of a substantive rule is not just erroneous but contrary to law and, as a result, void.  It follows, as a general principle, that a court has no authority to leave in place a conviction or sentence that violates a substantive rule, regardless of whether the conviction or sentence became final before the rule was announced.

2016 WL 280758 at *10 (citation omitted); *see also id.* at *7 ("[T]he Constitution requires substantive rules to have retroactive effect regardless of when a conviction became final.").

      Justice Scalia's dissent underscores this point, because he emphasizes that the Court's holding is constitutionally based, and trumps any previous statutory limitations on collateral

The Hon. Richard J. Sullivan
January 27, 2016                                                                                                          Page 2

review, as well as judicial interpretations of habeas statutes and rules. *See id.* at *21 ("Until today, no federal court was *constitutionally obliged* to grant relief for the past violation of a newly announced substantive rule. Until today, it was Congress's prerogative to do away with *Teague*'s exceptions altogether.").

      At a minimum, *Montgomery* calls into question whether reliance on new substantive rulings may *ever* be procedurally defaulted and provides additional reason to disregard the government's argument of procedural default.[1]

                                     Respectfully submitted,

                                     /s/ Alexandra A.E. Shapiro

                                     Alexandra A.E. Shapiro

Attachment

cc:     AUSAs Brian R. Blais and Brooke Cucinella (via CM/ECF)

---

[1] The "cause and prejudice" standard that courts have required habeas petitioners to meet in order to overcome a purported a procedural default was derived from the Federal Rules of Criminal Procedure, not the Constitution. *See Davis v. United States*, 411 U.S. 233, 242-44 (1973).